IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>JOHN DOE,<br><br>*Defendant.* | Case No. 25-cv-3189<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of the Fund's present trustees, for causes of action against Defendant, allege as follows:

### Jurisdiction and Venue

1. This is an action to recover an overpayment of pension benefits in the amount of $31,726.08 to Defendant. Plaintiffs seek relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3), and bring a common law claim for fraud.

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e)(1) and 1132(f) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because an action under Title I of ERISA may be brought in the district court where a plan is administered—in this case, the Northern District of Illinois. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events, acts or omissions giving rise to the asserted claims occurred in this District.

633771 / 25810030 / 3/26/2025

-1-

## Parties

4. Central States, Southeast and Southwest Areas Pension Fund (the "Fund") is an employee pension benefit plan as that term is defined in 29 U.S.C. § 1002(2) and is administered from its principal and exclusive offices located in Chicago, Cook County, Illinois.

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to the Fund's participants and beneficiaries and paying the Fund's administrative expenses.

6. Plaintiff Charles A. Whobrey is a trustee and a fiduciary of the Fund as defined in 29 U.S.C. § 1002(21). Pursuant to 29 U.S.C. §§ 1132(a)(2) and (3), Mr. Whobrey is authorized to bring this action on behalf of the Fund in his capacity as trustee and fiduciary.

7. Willie M. Jones ("Jones") is a deceased individual who passed away on January 12, 2014. Prior to his death, he was a participant of the Fund within the meaning of 29 U.S.C. § 1002(7).

8. The true name of the Defendant is unknown to Plaintiffs at this time. Plaintiffs believe that information obtained in discovery will lead to the identification of the Defendant's true name and will permit Plaintiff to amend this Complaint to state the same.

## Relevant Plan Provisions

9. The Fund is administered by its Board of Trustees under the terms of a Trust Agreement and a Plan Document.

10. Pursuant to Article IV of the Trust Agreement, the Trustees are vested with the sole discretionary authority to administer the Fund, to resolve claims for benefits by participants and

-3-

beneficiaries, and to interpret and construe the terms of its Trust Agreement and Plan Document (which interpretations are binding on all parties).

11. Pursuant to the authority granted to the Trustees by the Trust Agreement, they have established a Plan Document. A copy of the Plan Document is attached hereto as Exhibit A.

12. The Trustees' discretionary authority to administer the Fund and to bind those claiming benefits from the Fund is mirrored in Article VII of the Plan Document, which also grants and reiterates the powers outlined in the Trust Agreement.

13. Article VII, Section 7.05 of the Plan Document provides:

RECOVERY OF OVERPAYMENTS

(a) Any misrepresentation in a claim by a claimant to the Pension Fund for pension or other benefits . . . shall constitute grounds for adjustment of the claim and of the requested benefit, for recovery by the Pension Fund of any benefit payments in reliance upon said misrepresentation and for any other equitable or legal remedies available to the Pension Fund.

(b) Whenever the Pension Fund has made benefit payments exceeding the amount determined by the provisions of its Pension Plan, due to a mistake, the Board of Trustees shall have the right to recover the excess payments.

Exhibit A, p. 70.

## Factual Background

14. For the period of February 2014 through April 2018, the Fund directly deposited monthly pension benefits on behalf of Jones into an account designated by him at Wells Fargo Bank (the "Wells Fargo Account").

15. Jones died on January 12, 2014.

16. Upon his death, Jones's rights to the monthly pension benefits ceased and the Fund's obligation to remit the monthly pension benefits terminated.

17. For the period after Jones's death through June 16, 2023, the Fund had not received notice of Jones's death and had no knowledge that he had died.

18. For the period of February 2014 through April 2018, the Fund continued to directly deposit the monthly pension benefits into the Wells Fargo Account.

19. As a result, for the period of February 2014 through April 2018, the Fund overpaid the monthly pension benefits in the total amount of $31,726.08.

20. On or about August 21, 2023, the Fund faxed a Demand for Payment letter to Wells Fargo Bank, and they replied that they could not process the request, but did not provide a reason.

21. After Jones's death on January 12, 2014, neither he nor any other beneficiary was entitled to receive any further pension benefits.

22. For all relevant periods, Defendant knew that the Fund continued to electronically deposit Jones's monthly pension benefit into the Wells Fargo Account.

23. For all relevant periods, Defendant fraudulently concealed the material fact of Jones's death from the Fund.

24. As a result of the failure to notify the Fund of Jones's death, Defendant received an overpayment in the amount of $31,726.08 that was electronically deposited into the Wells Fargo Account by the Fund.

## COUNT I

**Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(2)**

25. The allegations made in paragraphs 1 through 24 are realleged and restated herein by reference.

26. Defendant is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus,

Defendant is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge his/her fiduciary duties to the Fund regarding those assets, to hold said assets in constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

27. To date, Defendant has refused to reimburse the Fund said assets. As a result, Defendant has violated his/her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, the Plaintiffs request the following relief in their favor and against Defendant:

(a) A judgment against Defendant in favor of Plaintiffs pursuant to 29 U.S.C. § 1132(a)(2) for violation of 29 U.S.C. § 1109 in the amount of $31,726.08;

(b) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(c) All other just and appropriate relief.

## COUNT II

**Breach of Fiduciary Duty Under ERISA, 29 U.S.C. § 1132(a)(3)**

28. The allegations made in paragraphs 1 through 24 are realleged and restated herein by reference.

29. Defendant is in possession of assets, which in equity and good conscience are property of the Fund, which is an ERISA-regulated employee pension benefit plan. Thus, Defendant is a fiduciary of the Fund, and as a result, owes an obligation under 29 U.S.C. § 1104 to discharge his/her fiduciary duties to the Fund regarding those assets, and to hold said assets in

constructive trust for the Fund and to reimburse the full amount of said assets to the Fund upon demand.

30. To date, Defendant has refused to reimburse the Fund said assets. As a result, Defendant has violated his/her duties under 29 U.S.C. § 1104 and is liable to the Fund for the breach pursuant to 29 U.S.C. § 1109.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Defendant:

(a) Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) for violation of 29 U.S.C. § 1109 in the form of an injunction requiring reimbursement by Defendant to Plaintiffs in the amount of $31,726.08;

(b) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g);

(c) That Defendant be further enjoined from disposing of any monies held as a fiduciary for the Plaintiffs and from comingling said monies with any of Defendant's other assets until such time reimbursement to the Plaintiffs is made in full;

(d) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Defendant reimburses Plaintiffs the amount of $31,726.08; and

(e) All other just and appropriate relief.

## COUNT III

### Equitable Lien and Constructive Trust Under 29 U.S.C. § 1132(a)(3)

31. The allegations made in paragraphs 1 through 24 are realleged and restated herein by reference.

32. Defendant is in possession of the Fund's assets and, pursuant to Article VII, Section 7.05 of the Plan Document, the Fund asserts an equitable lien on the overpayments described herein.

33. Equitable liens in favor of the Fund may be enforced by a constructive trust upon wrongfully withheld assets in the constructive possession of Defendant, with the constructive trust to continue until full reimbursement is made to the Fund.

34. Defendant is required to hold said assets in constructive trust for the benefit of the Fund and not dispose of the assets until the Fund's equitable lien has been satisfied.

**WHEREFORE**, the Plaintiffs request the following equitable relief in their favor and against Defendant:

(a) Equitable relief under 29 U.S.C. § 1132(a)(3) in the form of an equitable lien in the amount of $31,726.08 upon the overpayments held by Defendant, which Defendant is obligated to reimburse to the Fund pursuant to the reimbursement provisions of the Fund's Plan Document, and the imposition of a constructive trust to enforce the Fund's equitable lien;

(b) Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of an injunction requiring reimbursement by Defendant to Plaintiffs in the amount of $31,726.08;

(c) That Defendant be further enjoined from disposing of any monies thus held in constructive trust for the Plaintiffs and from comingling said monies held therein with any of Defendant's other assets until such time reimbursement to the Plaintiffs is made in full;

(d) That this Court retain jurisdiction to enforce the equitable remedy sought by Plaintiffs, for such period of time as required, until Defendant reimburses Plaintiffs the amount of $31,726.08;

(e) An award to the Plaintiffs of their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(f) All other just and appropriate relief.

## COUNT IV

### Common Law Fraud

35. The allegations made in paragraphs 1 through 24 are realleged and restated herein by reference.

36. During the period of February 2014 through April 2018, Defendant wrongfully engaged and participated in a prohibited transaction by securing assets in the form of monthly pension benefits from the Fund for an ineligible person after the death of Jones and initiated these acts when he or she wrongfully, negligently and/or fraudulently failed to notify the Fund of the death of Jones.

37. Defendant concealed the material fact that Jones died on January 12, 2014.

38. The concealment of the death of Jones was intended to induce the false belief by the Fund that Jones was still alive, when Defendant had a duty to speak.

39. The Fund could not have discovered the fact that Jones was deceased through a reasonable inquiry or inspection and relied upon the silence of Defendant as a representation of the fact that Jones was still living.

40. If the Fund had been aware that Jones had passed away on January 12, 2014, the Fund would have immediately terminated the electronic deposit of the monthly pension benefits in the Wells Fargo Account.

41. The Fund's reliance upon Defendant's silence resulted in injury to the Fund and Defendant received the amount of $31,726.08 in pension benefits to which he or she was not otherwise entitled.

42. Consequently, during the period of February 2014 through April 2018, Defendant committed the tort of fraudulent concealment against the Fund.

43. The Fund suffered damages as a direct and proximate result of Defendant's fraudulent misrepresentations and concealment of material facts, in that it paid pension benefits during the period of February 2014 through April 2018; payments to which Defendant was not entitled since he or she was not eligible for any pension benefit payments after Jones's death.

**WHEREFORE**, the Plaintiffs request the following relief in their favor and against Defendant:

(a) A judgment in favor of the Plaintiffs and against Defendant in the amount of $31,726.08;

(b) An award of attorneys' fees and costs; and

(c) All other just and appropriate relief.

Respectfully submitted,

*/s/ Gabrielle Pilgrim*
Gabrielle Pilgrim (ARDC #6346422)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2508
gpilgrim@centralstatesfunds.org

March 26, 2025         *ATTORNEY FOR PLAINTIFFS*